

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MORENO,<br><br>  Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, Warden;<br>R. WALKER, M.D.; TRI LUU, M.D.;<br>and DARRYL BATES, M.D.,<br><br>  Defendants. | Case No.: 19cv1014-CAB(KSC)<br><br>**ORDER DENYING MOTION REQUESTING APPOINTMENT OF COUNSEL [Doc. No. 11.]** |

Plaintiff Francisco Moreno, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to Title 42, United States Code, Section 1983, alleging that primary care physicians at the Richard J. Donovan Correctional Facility were deliberately indifferent to his serious medical needs when they denied him medical treatment and intervention while he was experiencing chest pains, difficulty breathing, and other serious medical problems. [Doc. No. 1.] Before the Court is plaintiff's Motion Requesting Appointment of Counsel. [Doc. No. 11] For the reasons outlined more fully below, the Court finds that plaintiff's Motion Requesting Appointment of Counsel must be DENIED.

In his Motion Requesting Appointment of Counsel, plaintiff argues that the Court should appoint counsel in this case for several reasons. First, plaintiff has limited knowledge of the law. Second, plaintiff is unable to afford counsel. Third, plaintiff believes the issues in the case are complex and will require significant research and investigation. Fourth, his claims involve medical treatment. Fifth, trial is likely to involve conflicting testimony, so an attorney would "better enable plaintiff to present evidence and cross examine witnesses,". [Doc. No. 11, at p. 2.]

An indigent's right to appointed counsel has been recognized to exist "only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N. C.*, 452 U.S. 18, 25 (1981). District Courts generally lack authority to require counsel to represent indigent prisoners in Section 1983 cases. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298-309 (1989). However, in certain "exceptional circumstances," the Court may request the voluntary assistance of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

"A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017 (internal citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal citation omitted).

Here, there is currently no basis to support a finding of exceptional circumstances. First, the record is not sufficiently developed, so the Court cannot determine the likelihood of success on the merits. Second, there is nothing from which the Court could conclude plaintiff lacks the ability to articulate and prosecute his claims *pro se*. Plaintiff has demonstrated a knowledge of the essential facts supporting his claim, which appear relatively straightforward and uncomplicated. Plaintiff's Complaint survived the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A, and an Answer has been filed. [Doc. No. 5.] Therefore, plaintiff has clearly shown an ability to effectively articulate his claims and communicate with the Court in this action.

[Doc. No. 5.] Therefore, plaintiff has clearly shown an ability to effectively articulate his claims and communicate with the Court in this action.

Third, a *pro se* prisoner's inability to afford an attorney, standing alone, is not enough to show exceptional circumstances. This and other hardships imposed by incarceration "are difficulties which any litigant would have in proceeding *pro se*; they do not indicate exceptional factors." *Wood v. Housewright*, 900 F.2d 1332, 1335–1336 (9th Cir. 1990).

Finally, *pro se* litigants are afforded some leniency to compensate for their lack of legal training. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). This also applies to motions. *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003). Accordingly, plaintiff's *pro se* status will be taken into consideration by the Court when his filings are reviewed.

Based on the foregoing, the Court finds that plaintiff has not shown there are "exceptional circumstances" for the appointment of counsel in the case. Accordingly, IT IS HEREBY ORDERED that plaintiff's Motion for Appointment of Counsel is DENIED. [Doc. No. 11.]

IT IS SO ORDERED.

Dated: January 6, 2020

Hon. Karen S. Crawford
United States Magistrate Judge